**Alvin HUSS, Plaintiff,**

v.

**GOLDMAN, SACHS & CO., Defendant.**

**No. 86 C 2680.**

United States District Court,
N.D. Illinois, E.D.

May 13, 1986.

Richard C. Ninneman, Marcia R. Schwartz, Whyte & Hirschboek, Milwaukee, Wis., C. Lee Cook, Jr., Mary C. Gilhooly, Chadwell & Kayser, Ltd., Chicago, Ill., for plaintiff.

No appearance for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Alvin Huss ("Huss") sues Goldman, Sachs & Co. ("Goldman Sachs") for losses sustained when Huss bought one million shares of Continental Illinois Corporation stock just before the portfolio difficulties of its operating subsidiary, Continental Illinois National Bank and Trust Company of Chicago, became public information. This action has just been transferred to the calendar of this Court. For the reasons stated in this memorandum opinion and order, this Court sua sponte dismisses Huss' third and fifth claims for relief.

It has long been the fashion for plaintiffs, not content with one theory for recovery, to seek to ring all the changes possible on a single set of facts. In the personal injury field, the classic negligence claim is always backed up with a count charging wilful and wanton conduct and, if a possibly defective product lurks in the picture, a strict liability count. In the purchaser-of-securities cases, plaintiffs assert not only the standard claims under the 1933 and 1934 federal acts, coupled of course with a state blue-sky law claim, but they now invariably also invoke the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968 and, in the case of the Illinois plaintiff, the Illinois Consumer Fraud and Deceptive Business Practices Act (the "Consumer Act"), Ill. Rev.Stat. ch. 121½, ¶¶ 261–272.

■ But a plaintiff's Pavlovian inclusion of a RICO claim need not induce an equally Pavlovian acceptance of those claims by a district court. In this instance, for example, Complaint ¶ 29 asserts in wholly conclusory fashion that Goldman Sachs' acts "constitute a pattern of racketeering activity." Complaint ¶ 30 seeks to particularize that by referring to "at least two separate acts involving fraud in the sale of securities" and to "conduct [that] gives rise to at least two separate acts indictable" as mail or wire fraud. Those allegations are simply insufficient in "pattern" terms. See, e.g., *Superior Oil Co. v. Fulmer*, 785 F.2d 252, 257 (8th Cir.1986) (approving and following this Court's analysis in *Northern Trust Bank/O'Hare, N.A. v. Inryco, Inc.*, 615 F.Supp. 828, 831–33 (N.D.Ill.1985); and see *Dunham v. Independence Bank of Chicago*, 629 F.Supp. 983, 989–90 (N.D.Ill. 1986) and cases cited there (picking out the line between the "pattern" and non-"pattern" situations for RICO purposes); *S.J. Advanced Technology & Manufacturing Corp. v. Junkunc*, 627 F.Supp. 572 (N.D. Ill.1986) (more of the same).[1]

■ Huss will have to do without his Consumer Act claim as well. As the "Consumer" title implies and the cases under that Act confirm, it was not intended to afford protection for your garden-variety, everyday million-share purchaser such as Huss. More precisely, the one-on-one alleged misrepresentations and omissions alleged by Huss are not the kind of conduct the Consumer Act speaks to. See *Newman-Green, Inc. v. Alfonzo-Larrain R.*, 590 F.Supp. 1083, 1085–88 (N.D.Ill.1984).

Accordingly Huss' third and fifth claims, Complaint ¶¶ 27–33 and 37–40 inclusive, are stricken.[2] Because the Court file does not reflect an appearance on behalf of Goldman Sachs as yet, a copy of this opinion is being sent to the same address Huss' counsel have designated for service of process.

---

1. In light of the insufficiency of Huss' claim in "pattern" terms, it is unnecessary to rule on the adequacy of all aspects of Huss' allegations under RICO §§ 1962(a) and 1962(c).

2. This Court is of course aware of the "hazardous" nature of sua sponte dispositive dismissals of lawsuits, see *Doe v. St. Joseph's Hospital of Fort Wayne*, 788 F.2d 411, 414–16 (7th Cir.1986).

But this opinion was stimulated by the obvious facial insufficiency of the two claims and, perhaps more importantly, it is not a final order disposing of the case (so Huss' counsel has every opportunity to cure any flaws, if that can be done). This Court's silence as to Huss' other claims should not of course be taken as an expression either way as to their adequacy.